Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000722
15-MAY-2019
09:55 AM

NO. CAAP-17-0000722

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALBERT BIRMINGHAM, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 15-1-0001 (CR. NO. 1PC101000166))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Petitioner-Appellant Albert Birmingham (Birmingham) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, entered on September 19, 2017, in the Circuit Court of the First Circuit (Circuit Court).[1]

On appeal, Birmingham challenges Conclusions of Law Nos. 2, 3, and 4. Citing Coulter v. State, 116 Hawai'i 181, 172 P.3d 493 (2007), Birmingham claims the Hawaii Paroling Authority (HPA) acted arbitrarily, capriciously, and inconsistently with the HPA Guidelines by setting his Level of Punishment at Level III in a September 7, 2012 Notice and Order of Fixing Minimum Term(s) of Imprisonment because, in order to set punishment at Level III, the HPA was required to find he was convicted of three or more felonies. Birmingham contends his

---

[1] The Honorable Karen T. Nakasone presided.

Level of Punishment should have been Level I because he had only one prior felony conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Birmingham's point of error as follows:

In a September 7, 2012 Notice and Order of Fixing Minimum Term(s) of Imprisonment, Birmingham's Level of Punishment was determined to be Level III and the Significant factors cited were "(1) Nature of Offense; (2) Character and Attitude of Offender With Respect to Criminal Activity or Lifestyle; (3) Efforts Made to Live Pro-Social Life Prior to Commitment to Prison; (4) Involvement of Offender in Instant Offense." The HPA complied with Coulter by specifying the Level of Punishment and the significant criteria upon which the decision was based. Coulter, 116 Hawai'i at 184-85, 172 P.3d at 496-97.

The HPA Guidelines for Establishing Minimum Terms of Imprisonment (HPA Guidelines) states "The person has been convicted previously of three or more felonies committed at different times when s/he was 18 years of age or older," under the Criminal History criteria for Level III. The Criminal History criteria for Level I applies when "The person has no more than 1 prior felony conviction since he or she was 18 years old." However, the HPA Guidelines also state "The criteria are presented by level of punishment, and each case will normally include criteria from one or more levels. The Hawaii Paroling Authority will decide which criteria will determine level of punishment in any given case." Thus, the HPA was not required to find Birmingham met all the criteria or any one specific criterion--such as three prior felony convictions within the Criminal History criterion in Level III--within any one Level in order to set his punishment at that Level. Therefore, Birmingham's point of error is without merit.

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set

Aside, or Correct Judgment or to Release Petitioner from Custody, entered on September 19, 2017, in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, May 15, 2019.

On the briefs:

Shawn A. Luiz,
for Petitioner-Appellant.

Diane K. Taira
Lisa M. Itomura
Deputy Attorneys General,
for Repsondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge